MORRIS STEINHARDT, Appellant, *v.* EDWARD CUNNINGHAM, Respondent.

While no particular words in a will are necessary to create a trust, and one may be implied where, from the whole will, it is apparent that to accomplish the purposes of the testator, it will be convenient and advantageous that the executors should be vested with the legal estate; the scheme of the statute is in the direction of such a construction as will vest title to the real estate in the heirs or devisees rather than the executors, if the wishes of the testator may be carried out under a trust power.

In such a case, therefore, although there is a devise in terms to executors or trustees to sell or mortgage the real estate, the title descends to the heirs or passes to the devisees subject to the execution of the power.

It is essential to the constitution of a valid trust, for any of the purposes referred to in the Statute of Uses and Trusts (1 R. S. 728, § 55), that the power of sale conferred upon the trustees be absolute and imperative; a discretionary power of sale is not sufficient.

The will of F., after directing the payment of his debts, etc., by its terms gave all of his estate to his executors, *i. e.*, his wife and H., "to have and to hold the same to themselves, their heirs and assigns forever upon the uses and trusts following." The will then gave various legacies to the testator's children; these were followed by a residuary clause by which he gave all the residue of his estate, "after providing for the aforesaid bequests, * * * absolutely and forever" to his wife. "Full power and authority" was given to the "said trustees, executor and executrix * * * to sell any or all" of the real estate "as they may deem best." The executors were appointed trustees and guardians of the children during their minority. H. omitted to qualify as executor, and letters testamentary were granted to the widow alone.

In an action to foreclose a mortgage on certain real estate of which F. died seized, the widow was made a party, but H. was not. Defendant, who acquired title under the foreclosure sale, contracted to sell the same to plaintiff. In an action to recover back moneys paid and expenditures under the contract, on the ground of defect in defendant's title, *held,* that no valid trust was created by the will; that the purposes of the testator could be accomplished through a trust power; that the trustees took no title to the real estate, but the same vested in the widow; and, therefore, that H. was not a necessary party to the foreclosure suit, and defendant acquired a good title under the sale.

Reported below, 55 Hun, 375.

(Argued October 16, 1891; decided December 8, 1891.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made January 24, 1890, which reversed a judgment in favor of the plaintiff entered upon a decision of the court on trial at Special Term, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George H. Yeaman* for respondent. This action is properly brought, since the defendant was not able to give the plaintiff the title to the premises in question free from all encumbrance except the mortgages mentioned in the contract. (R. S. chap. 1, art. 2, § 55.) The will of the testator created a trust for the benefit of legatees, and the legal title to that portion of said premises which belonged to the testator was vested in Jonas Heller and Rosa Freedman. (2 R. S. chap. 1, art. 2, § 55; *Tobias* v. *Ketchum*, 32 N. Y. 319, 330; *Ward* v. *Ward*, 105 id. 68, 74; *Robert* v. *Corning*, 89 id. 225, 237; *Morse* v. *Morse*, 85 id. 59; *Woodward* v. *James*, 44 Hun, 98; *Bradley* v. *Amidon*, 10 Paige, 235; *Vernon* v. *Vernon*, 53 N. Y. 351; *Miller* v. *Wright*, 109 id. 194.) The provisions in this will create a trust in the lands of the testator on the separate and independent ground that the legacies are made a charge upon his land, and the trustees are authorized to sell or to receive the rents and profits for the purpose of satisfying the charge. (*Fenwick* v. *Chapman*, 9 Pet. 461; *Peter* v. *Beverly*, 10 id.

564; *Newman* v. *Johnson*, 1 Vern. 45; *Kidney* v. *Cousmaker*, 1 Ves. 440; *Lupton* v. *Lupton*, 2 Johns. Ch. 624; *Hoyt* v. *Hoyt*, 85 N. Y. 142; *Taylor* v. *Dodd*, 58 id. 335; *McCorn* v. *McCorn*, 100 id. 511; *Brill* v. *Wright*, 112 id. 129.) The trust created by the will is not affected by the fact that Jonas Heller, one of the trustees named, did not qualify as executor. Notwithstanding that omission, he was still trustee. (*Judson* v. *Gibbons*, 5 Wend. 224; *Conklin* v. *Egerton*, 21 id. 436, 437, 438; *Dunning* v. *O. N. Bank*, 61 N. Y. 497–501, 502; *Thom* v. *Shiel*, 15 Abb. [N. S.] 81, and note; *Carroll* v. *Carroll*, 16 id. 239; *Dominick* v. *Michael*, 4 Sand. 374; *Conklin* v. *Egerton*, 21 Wend. 430; *Burritt* v. *Silliman*, 13 N. Y. 93–96; 2 Washb. on Real Prop. [3rd ed.] 471.) The title to Solomon Freedman's real estate being vested in him subject to a mortgage, under the foreclosure of which the defendant assumed to convey to the plaintiff, did not pass to the defendant, because there was a radical defect in the proceedings, on account of the fact that Jonas Heller was not made a party defendant therein. (*Wilder* v. *Ranney*, 95 N. Y. 7; *Hall* v. *Nelson*, 23 Barb. 88; *Griswold* v. *Fowler*, 6 Abb. Pr. 113; *Brennan* v. *Wilson*, 71 N. Y. 502.) The legacies are a charge on the land in the nature of an inalienable trust. Accordingly, the fact of joining the legatees as defendants in the foreclosure action was wholly ineffectual to make the title, under the foreclosure, good. Owing to the omission to make Jonas Heller, trustee, a party, the court was without jurisdiction, and the proceedings were void. (*Reid* v. *Marble*, 10 Paige, 409; *Loder* v. *Hatfield*, 71 N. Y. 92; *Brown* v. *Knapp*, 79 id. 136; *Leggett* v. *Perkins*, 2 id. 297; *Graff* v. *Bonnett*, 31 id. 9, 19; *Campbell* v. *Foster*, 35 id. 361; *Williams* v. *Thorn*, 70 id. 270; *Lent* v. *Howard*, 89 id. 169, 181; *Cutting* v. *Cutting*, 86 id. 522, 546, 547; *Cook* v. *Lowry*, 95 id. 103, 111; *Hutton* v. *Benkard*, 92 id. 295; *Genet* v. *Hunt*, 113 id. 158, 168; *U. S. T. Co.* v. *Roche*, 116 id. 120.) Rosa Freedman, the other trustee, was not made a party defendant as trustee in the foreclosure suit. She was made a defendant individually and as executrix, but not as

trustee, and consequently was in no situation to appear or take issue in such representative capacity, or to protect her right as trustee. (*Landon* v. *Townshend*, 112 N. Y. 96.) The sale of the fourth lot of the premises in question under the decree of said foreclosure suit, after more than sufficient had been realized to pay the amount due to the plaintiff and all expenses, was unauthorized by the judgment. (*McBride* v. *Lewisohn*, 17 Hun, 524–526; *Mallory* v. *Clark*, 20 How. Pr. 418.) There is no estoppel binding the legatees in this cause. (Bigelow on Est. 49; *Galpin* v. *Page*, 18 Wall. 350; *Durant* v. *Abendroth*, 97 N. Y. 132.) The opinion of the General Term, reversing the judgment for plaintiff at Special Term, is erroneous in its reasoning, and supplies no true ground for upholding the foreclosure. (*Burritt* v. *Silliman*, 13 N. Y. 93; *Wilder* v. *Ranney*, 95 id. 7; *Brinckerhoff* v. *Wemple*, 1 Wend. 470.) Under the contract of sale in this case the plaintiff was entitled to have the premises in question conveyed to him free from all incumbrances, except the mortgages set forth in the contract, and he was justified in refusing to take the title subject to the defects above enumerated. (*Shriver* v. *Shriver*, 86 N. Y. 586; *Jordon* v. *Poillon*, 77 id. 518; *Fleming* v. *Burnham*, 100 id. 1–9.) An action at law will be sustained to recover back the installment paid by plaintiff on a contract for the purchase of property, as in the case in question. (*Moore* v. *Williams*, 115 N. Y. 586.)

*Theodore W. Dwight* for appellant. The burden of proof was upon plaintiff. (*Shriver* v. *Shriver*, 86 N. Y. 585; *Moser* v. *Cochrane*, 107 id. 41; *Ferry* v. *Sampson*, 112 id. 415; *Fleming* v. *Burnham*, 100 id. 11; *Spring* v. *Sanford*, 7 Paige, 550; *Schermerhorn* v. *Niblo*, 2 Bosw. 161; *Stapylton* v. *Scott*, 16 Ves. 272; *M. E. Church* v. *Thompson*, 108 N. Y. 619; *Baylis* v. *Stimson*, 110 id. 621.) The questions of law claimed by the plaintiff to be doubtful questions affecting the title were not real questions, they were speculative and hypothetical, possessing no practical value. (*Goebel* v. *Iffla*, 111 N. Y. 170, 177; *Corcoran* v. *C. & O. C. Co.*, 94 U. S.

741; *Jordan* v. *Van Epps*, 85 N. Y. 427, 435; *Cook* v. *Platt*, 98 id. 35; 1 R. S. 730, § 175; *Leavitt* v. *Wolcott*, 95 N. Y. 212; *Clift* v. *Moses*, 116 id. 144; *Woerz* v. *Rademacher*, 120 id. 62.) The affirmative was on the plaintiff to establish facts which raised doubtful questions of law, or disclosed outstanding vested rights hostile to the title. (*Scholle* v. *Scholle*, 113 N. Y. 261; *Moser* v. *Cochrane*, 107 id. 35; *Hayes* v. *C. Co.*, 108 Mass. 400.) If Jonas Heller was not a necessary party to the foreclosure action, the title conveyed to the purchaser at the foreclosure sale by the referee was a good one. (Perry on Trusts, § 502.) The objections as to errors in the foreclosure proceedings are wholly without merit. (*Bechstein* v. *Schultz*, 45 Hun, 191; *Everson* v. *Johnson*, 22 id. 115; *Andrews* v. *O'Mahoney*, 112 N. Y. 568; *DeForrest* v. *Farley*, 62 id. 628; *Wolcott* v. *Schenck*, 23 How. Pr. 385; *Abbott* v. *Connor*, 98 N. Y. 665; *Woodhull* v. *Little*, 102 id. 165; Code Civ. Pro. § 1632; 2 Edmund's Stat. at Large, 200, § 158.)

Parker, J. This action was brought to recover money advanced on an executory contract for the purchase of land, and for the expenses of a search subsequently incurred, on the ground that the defendant is not able to give a good title.

The defendant acquired his title through a judgment of foreclosure and sale, and it is contended by the appellant that one of the parties in whom the legal estate of an undivided one-half of the premises was vested at the time of the commencement of the suit was not made a party, and, therefore, such estate did not pass to the purchaser at the foreclosure sale.

Solomon Freedman died seized of one undivided half of the premises in question, subject to a mortgage. He left a will in which after directing the payment of his debts and funeral expenses, he in terms devised and bequeathed all his estate "To my beloved wife Rosa Freedman, and to my good friend Jonas Heller, of New York city, to have and to hold the same to themselves, their heirs and assigns forever upon the uses and trusts following, viz: At the time of my death, should my daughters Fannie and Rachel, or either of them be unmar-

ried, I give and bequeath to such of them as may be unmarried the sum of $5,000."

In Item 2d the testator declares : "I give, devise and bequeath to each of my sons Jacob, William and Simon Freedman, the sum of $5,000, lawful money of the United States, as soon as they respectively attain their majority.   *   *   *   To my son Benjamin Freedman, I give and bequeath $5.00  *  *  * he having already received from me in cash $5,000.   These bequests shall by my executor and executrix, trustees and guardians hereinafter named be safely invested upon interest for their and each of their, my said children's benefit and behoof  *  *  *."   Then follows this residuary clause : "All the rest and residue of my estate real, personal and mixed of which I may die seized and possessed and to which I may be entitled at the time of my death, after providing for the aforesaid bequests and the accumulations thereon, I give, devise and bequeath absolutely and forever to my beloved wife Rosa Freedman, subject solely to her own free will and control and disposal as to her may seem meet and proper in lieu of her dowery."

Item 3d provides for the disposition of the share bequeathed to either of the children in the event of their death before a division of the estate.

Item 4th authorizes the executors to withhold payment of the bequests to the sons until such time as their conduct or position in life should be deemed satisfactory.

Then follows item 5 : "I give to my said trustees, executor and executrix full power and authority to sell any or all of my real estate at public or private sale and invest the proceeds thereof, or to let or sell the same as they may deem best for the interest of my family."

Item 6th has no bearing on the question before us.

Item 7 is as follows : "I hereby nominate, constitute and appoint my said beloved wife Rosa Freedman, and my friend Jonas Heller, of the city, county and state of New York, trustees and guardians of the persons and effects and of the estate of my children during their and each of their minority, and also to the executor and executrix of this my last will and

testament. And I commend my children to their fostering care and protection."

Jonas Heller omitted to qualify as executor, but Rosa Freedman did, and letters testamentary were, therefore, granted to her alone, and she thereafter proceeded to the discharge of the executory duties devolving upon her. In the suit brought for the foreclosure of the mortgage, the legatees were defendants and Rosa Freedman was made a party individually and as executrix. But the plaintiff insists that by the terms of the will, an express trust was created by which the title to the real estate became vested in the trustees; that while Heller did not qualify as executor, he took no action for the purpose of divesting himself of the estate devised to him by the testator; and, therefore, was a necessary party.

We are first to inquire then whether by the terms of the will, a valid express trust was created which vested in Mrs. Freedman and Jonas Heller the title to testator's real estate. If not, we need not examine the other questions discussed by the appellant, because this proposition lies at the very foundation of his contention.

It may be doubted whether the testator intended to create an express trust, notwithstanding the devise was in terms to the executors as individuals, in view of the other provisions of the will. True, after the direction to the executors to pay debts and funeral expenses, he in terms devised all his estate to Rosa Freedman and Jonas Heller, their heirs and assigns forever, upon the uses and trusts following. But this devise is not immediately followed by the direction to the trustees to sell, or mortgage the estate, or to receive rents, profits and income thereof, and make disposition of them in a manner provided. On the contrary, the next sentence is as follows: "At the time of my death should my daughters Fannie and Rachel, or either of them, be unmarried, I give and bequeath to such of them as may be unmarried the sum of $5,000." Item 2d follows with a bequest of a like amount to each of the testator's sons, and it concludes with a residuary clause in which the testator gives and devises all the residue of his

estate, real, personal and mixed, to his wife Rosa Freedman. And after "items 3 and 4," he confers by "item 5" upon the persons named as executors, authority to sell any or all of his real estate and invest the proceeds, or to let or lease the same as they may deem best for the interests of the family.

The executors were not required to sell, but they were authorized to sell if necessary to discharge the executorial duties conferred upon them. It seems to be clear that the testator had in mind that should his personal estate prove sufficiently large to discharge the legacies given by the will, then there would be no occasion to sell the real estate, for he devised in terms the residue of his real estate to his wife, and by the power of sale, which stands alone, he empowers a sale of any or all of his real estate or permits it to be leased. But assuming that the testator intended to pass the title of his estate to the individuals named, it is not contended that a valid express trust was created, unless it may be said to be within the protection of subdivision 2 of section 55, which provides for a trust to sell lands for the benefit of legatees or to satisfy a charge thereon. This provision is qualified by section 56, which declares that "a devise of land to executors or other trustees to be sold or mortgaged, where the trustees are not also empowered to receive the rents and profits, shall vest no estate in the trustees, but the trust shall be valid as a power, and the land shall descend to the heirs or pass to the devisees of the testator, subject to the execution of the power."

Where leases are to be made, tenants put into possession and dispossessed, the possession of the legal estate in the trustees is convenient and reasonably necessary, and for that purpose the statute permits a grant or devise of title to those charged with the execution of such duties. And it is true that no particular words are necessary to create a trust, and one may be implied where from the whole will it is apparent that the testator intended that the trustees should be empowered to receive the rents and profits, and for that purpose, and to accomplish the other objects of the will, it appears to be convenient and advantageous that they should be vested with the legal estate.

(*Robert* v. *Corning*, 89 N. Y. 237.)   But in all other cases of a grant or devise of land to executors or trustees, to be sold or mortgaged, the title of the land descends to the heirs or passes to the devisees, subject to the execution of the power.   The scheme of the statute is, therefore, in the direction of such a construction as will vest the title in the heirs or devisees rather than the executors, and permits the working out of the wishes of the testator when legal under a trust power.   And we are unable to discover in this will any barrier in the way of the accomplishment of the purposes of the testator through a trust power; therefore, no reason exists for straining after a construction that will declare a trust.

The power of sale is not coupled with the language intended to create a trust; does not in terms refer to it, or apply to the trust purpose, nor is it imperative.   It does not direct a sale of all his lands, leaving the time of sale merely in the discretion of the executors, but authorizes a sale of "any or all" of testator's real estate, or permits it to be let or leased, as may be deemed for the best interests of the family.   And this discretionary power is consonant with the residuary clause in the will, which, after the payment of bequests, gives and devises to his wife all the rest and residue of his estate, real, personal and mixed.

It has been held by this court in *Cooke* v. *Platt* (98 N. Y. 35) that it is essential to the constitution of a valid trust for either of the purposes referred to in section 55, "that the power of sale conferred upon the trustees must be absolute and imperative, without discretion, except as to the time and manner of performing the duty imposed, and that it is not sufficient to invest the trustees with a merely discretionary power of sale, which may or may not be exercised at their option, and which does not operate as a conversion."   As a valid trust was not created, the legal estate was not vested in the trustees.

It follows that Heller was not a necessary party to the foreclosure.

The judgment should be affirmed.

All concur.

Judgment affirmed.