### SMITH v. CHASE et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

ADMINISTRATION—COLLECTION OF ASSETS.

 Plaintiff's testator sold property to defendant, subject to a life estate, and with the privilege of again selling, if necessary, in which case all the avails of such sale left at testator's death were to belong to defendant. Testator, having found it necessary, sold the property. *Held*, that plaintiff might, notwithstanding defendant's claim, collect an amount due from defendant, after which, if any of the avails of sale should be left on payment of debts and expenses, defendant would be entitled thereto.

Appeal from Cattaraugus county court.

Action by Edwin Smith, executor of Eliza A. Evans, deceased, to foreclose a mortgage given by Mary A. Chase and others. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Inman & Cole, for appellants.
Perry B. Coxe, for respondent.

LEWIS, J. This action was brought to foreclose a mortgage dated on the 18th day of December, 1883, given to the plaintiff's testator by the defendant Mary A. Chase and her husband, to secure the payment of $600 two years from its date. The defendant Mary A. Chase inter-

posed an answer alleging that the mortgage was given without consideration; that prior to the time of the giving of the mortgage, and on the 3d day of July, 1877, the defendant was the owner of an Indian lease of certain premises on the Allegany Indian reservation in the village of Salamanca; that on that day she sold, assigned, and transferred the same to the testator, and that on the same day the testator reassigned to the defendant all the right, title, and interest which the testator might have in the premises at the time of her death, Mrs. Evans, by the terms of the agreement, reserving to herself the right to the use of the premises during her lifetime, and, in case of necessity, to sell and dispose thereof for her support and maintenance; that Mrs. Evans thereafter, and prior to the giving of the mortgage, sold the portion of the premises covered by the lease, for which she received the sum of $900, and that the $600 for the payment of which the mortgage was given was a portion of said $900, and that the money belonged to the defendant by virtue of the agreement mentioned. The mortgage was found by the plaintiff among the assets of the deceased, and, the defendant neglecting to pay, this action was brought to foreclose it 11 months after the death of Mrs. Evans. The contract upon which the defendant relied to maintain her defense was read in evidence. It was dated July 3, 1877, and was as follows:

"Know all men by these presents, that I, Eliza A. Evans, of Salamanca, N. Y., in consideration of the assigning to me this day of a certain lease of premises in said town, now occupied by me, by Mary A. Chase, of the same place, I do hereby sell, assign, set over, and transfer to the said Mary A. Chase all of the right, title, and interest in and to said property thus so conveyed to me by the said Mary A. Chase that I may have at the time of my death, hereby reserving and retaining the use of the same for my benefit, use, and support during my lifetime, and retaining the right to rent the same, and, in case of necessity, to sell and dispose of the same at my option, and, in that event, all of the avails of the said sale left at my death not necessary for my support during my life shall belong to the said Mary A. Chase, her heirs or assigns, after paying my necessary and proper funeral expenses, which funeral expenses shall be paid out of my general property first; I hereby agreeing that all of my general property shall be used for my support in common with the property hereby conveyed to the said Mary A. Chase, which support is to include all the debts that I am now or may become liable to pay, I hereby charging my separate estate."

Whether the $900 were realized from the sale of that portion of the premises covered by the lease mentioned in the contract was left in much doubt. The evidence upon that question was very contradictory and uncertain. The plaintiff testified that soon after he qualified as executor he had a conversation with the defendant Mrs. Chase in reference to the mortgage, and requested her to pay it or pay the interest on it; that Mrs. Chase replied that she could not pay then; that they owned a laundry, and, if she could sell it, she could pay up the mortgage and save the lot. He testified that he saw her two or three times, and that she stated that they were trying to sell, and that if they could sell they would have enough to pay up the mortgage; that just before the action was commenced he informed her that the year was pretty nearly up, and that he would have to commence a foreclosure if it was not paid, and that the defendant replied that they expected to settle up that week. The defendant was called as a witness in her own behalf

after this testimony of the plaintiff was given, and she failed to contradict or explain it.   These admissions were wholly inconsistent with her defense, and tended to corroborate the plaintiff's contention that the defendant had no interest in the property which Mrs. Evans had sold to Williams, and from the sale of which the $900 were realized.   Mrs. Evans, by the terms of the agreement of July 3, 1877, not only reserved the right to sell and dispose of the premises and use the avails, if she needed them, for her support during her lifetime; it further provided that the proceeds of a sale which should be left at her death were to be used, if necessary, in the payment of her funeral expenses, and, although not mentioned in the contract, the money would have been liable to be appropriated to the payment of the debts of the estate.   It was incumbent upon the defendant, in order to sustain her defense, to show that the money was not needed for the purposes mentioned.   That she failed to do.   A sufficient time had not elapsed after the death of Mrs. Evans, and before the commencement of the action, for the executor to ascertain to a certainty the amount of the claims against the estate.   It was his duty to collect the money due upon the mortgage, and if, after the settlement of the estate, any of the money should be left, the defendant would be entitled to it under said contract.   The amount cannot be known until the estate is settled.   A review of the evidence has satisfied us that the conclusions of the trial court were correct, and that the judgment appealed from should be affirmed, with costs.   All concur.