EDWIN SMITH, as Executor, etc., of ELIZA A. EVANS, Deceased, Appellant, *v.* MARY A. CHASE and MORTIMER D. CHASE, Respondents.

90h    99
65 AD 600

*Contract — will — power in trust of sale for distribution — title, in whom vested.*

Eliza A. Evans, being seized of a leasehold interest in certain premises, assigned her interest to her daughter, Mary A. Chase, a married woman, reserving the right to occupy the property with her husband during their lifetime.

Subsequently Mrs. Evans and her husband released and surrendered to Mrs. Chase their right of occupation, and thereafter Mrs. Chase, by an instrument in writing, assigned to Mrs. Evans all her interest in the lease; and at the same time, and in consideration of such assignment, Mrs. Evans, by an instrument in writing, re-assigned the same premises to Mrs. Chase, reserving the right to their use during her lifetime and the right to rent or sell the same at her option, so much of the proceeds of any sale as were not used by her during her lifetime to belong to Mrs. Chase.

Mrs. Evans died and left a will in which, after directing her executor to sell and turn into money the premises in question, and also her personal property, except some furniture specifically bequeathed, she bequeathed all her property, including the proceeds of the sale of the premises in question, equally to her five children.

In an action brought by the executor of Mrs. Evans against Mrs. Chase to recover the premises, Mrs. Chase contending that they belonged to her under the written agreements,

*Held,* that the power of sale given by the will to the executor for the purpose of distribution did not vest him with title to the real estate, nor did the provisions of the will create a valid statutory express trust;

That the power conferred might, under other circumstances, have been exercised as a power in trust, but that, in such case, the title would descend by statute to the heirs at law, subject to the execution of the power of sale, and would not vest in the executor;

That the manifest intent of Mrs. Evans, as expressed in her written assignment, was to transfer to Mrs. Chase the premises, reserving to herself their use during life, as well as a power to sell, but that, in the event that Mrs. Evans did not execute the power, the title should remain in Mrs. Chase;

That, under the two written agreements described, the title to the premises vested upon the death of Mrs. Evans in Mrs. Chase absolutely.

APPEAL by the plaintiff, Edwin Smith, as executor, etc., of Eliza A. Evans, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Cattaraugus on the 10th day of January, 1895, upon the report of a referee.

*William H. Henderson,* for the appellant.

*George Cole,* for the respondents.

DAVY, J.:

This is an action of ejectment to recover possession of a house and lot situate in the village of Salamanca, in the county of Cattaraugus, brought by the plaintiff as executor of the will of Eliza A. Evans, deceased.

The appellant contends that Mrs. Evans died seized of a leasehold interest in the house and lot referred to, and that the power of sale, as well as the title to such leasehold interest, became vested in him by virtue of the provisions of her will.

It appears from the evidence that the testatrix died in February, 1887, leaving five children, of whom the defendant Mary A. Chase

is one, and also leaving a last will and testament in which she named the plaintiff as sole executor. It also appears that in 1874 the testatrix assigned her interest in the property in question to her daughter, Mary A. Chase, reserving, however, the right to occupy it with her husband during their lifetimes. In 1876 Mrs. Evans and her husband released and surrendered to Mrs. Chase the right to occupy the house and lot. Thereafter, and in the year 1877, Mrs. Chase executed and delivered to her mother an instrument in writing, of which the following is a copy: "For value received I hereby sell, assign, set over and transfer to Eliza A. Evans, of Salamanca, N. Y., all my right, title and interest in and to the within lease and all buildings situate thereon, with all the advantages to be derived therefrom;" and contemporaneously therewith, and as a part of the same transaction, and in consideration of the last assignment, Mrs. Evans gave back an instrument in writing, in which she assigned and transferred to Mrs. Chase the same premises, reserving and retaining, however, the use of the same for her benefit, use and support during her lifetime, and reserving the right to rent or to sell and dispose of the same at her option, and in the event that the avails arising from the sale of the premises were not used by her during her lifetime, then such avails should belong to Mrs. Chase.

After Mrs. Evans' death, which was in February, 1887, the plaintiff leased the premises in controversy for a short time, but when they became vacant Mrs. Chase took possession of them and refused to vacate or remove therefrom for the reason, as she contends, that the right to possession thereof belongs to her under the contracts made between her and her mother of July, 1877.

If we were to assume that the title to the leasehold interest in the premises was in Mrs. Evans at the time of her death, we do not see even then how the plaintiff can maintain this action.

The provisions of the will which bear upon the question under discussion, are contained in the first and second paragraphs, which read substantially as follows: "I give my parlor furniture, the same that I had of Luzene Evans, to my daughter, Mary Chase, wife of Mortimer Chase, of Salamanca. That I direct my executor to sell and turn into money my house and lot on State street in said village of Salamanca, and also all the personal property and household furniture that I may have at the time of my death, excepting the

parlor furniture above stated. *Second.* That I give and bequeath equally to my five children hereinafter named all my property, viz., the proceeds of the sale of said house and lot, also the proceeds of the sale of my personal property, also the money I have in the bank at the time of my death, or in notes or other security."

It is apparent from the provisions of this will that no trust estate in the house and lot in question was vested in the plaintiff as executor. The main purpose of the testatrix, as appears from the context of the will, was to give her estate, remaining after payment of her debts, equally to her five children. She simply imposed upon the executor the duty of selling the property and making the division.

It has been repeatedly held that a power of sale in the executor for the purpose of distribution does not vest him with title to the real estate.

The provisions of the will do not create a valid express trust under the statute. The power conferred might be exercised as a power in trust. But in such a case the statute expressly provides that the title to the real estate shall descend to the heirs at law, subject to the execution of the power of sale. (1 R. S. 728, 729, §§ 55, 58, 59.)

The language of the will shows clearly that the testatrix did not even intend to create a trust. There was no valid devise of the house and lot to the executor or to any other person. (*Cooke* v. *Platt*, 98 N. Y. 35.)

It is an elementary rule that in an action of ejectment it is only the legal rights of the parties, as distinguished from their equitable rights, that are to be considered, and the plaintiff must recover, if at all, upon the strength of his own title. It was incumbent upon him to show upon the trial that he had the title either absolutely or in trust, and that he was entitled to the possession of the premises at the commencement of the suit.

The title to the premises must be in somebody, and if not in Mrs. Chase, under the assignment from her mother, then it must vest in the heirs of the testatrix, and they alone have a right to the property and the exclusive right to maintain an action in ejectment for its possession.

The writing under which Mrs. Chase claims title to the premises has received a construction by this court in another action between

the same parties (reported in 21 N. Y. Supp. 896). In that action the plaintiff, as executor, sought to foreclose a mortgage executed by the defendant Mary A. Chase to the testatrix. Mrs. Chase contested the foreclosure on the ground that the consideration money for the mortgage was derived from the sale of a portion of these premises in question; that under the contract they belonged to her. The General Term evidently reached the conclusion that the instrument was a valid contract. Mr. Justice LEWIS, in delivering the opinion of the court, said that it was the duty of the executor " to collect the money due upon the mortgage, and, if after the settlement of the estate any of the money should be left, the defendant would be entitled to it under said contract."

The intent of Mrs. Evans, as expressed in the written assignment, is very plain. She transferred to Mrs. Chase the fee to the premises but reserved the use thereof during her lifetime, and the power to sell the property if necessary, but in the event that the power of sale was not executed, then the title should remain in Mrs. Chase. We are of the opinion, therefore, that under the two written instruments referred to, the fee to the premises in question vested absolutely in Mrs. Chase upon the death of her mother.

The judgment, therefore, should be affirmed, with costs to be paid out of the estate of the testatrix.

LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment affirmed, with costs.