STEVENS v. FOGLE.

(Supreme Court, Equity Term, Niagara County. September 14, 1911.)

1. WILLS (§ 672*)—CONSTRUCTION—TESTAMENTARY TRUST.

A will provided that the executors named should, as soon after testa-tor's death as convenient, "sell and dispose of all my property, both real and personal, and convert the same into money, and after paying from the proceeds and avails thereof all my just debts * * * the remainder of said proceeds and avails I give and bequeath to my children," and fur-ther authorized the executors to execute such deeds as might be neces-sary to effectuate the will, and to sell and convey the real estate upon such terms of credit and take such securities for the price as they deemed best. Real Property Law (Consol. Laws 1909, c. 50) § 96, authorizes an express trust to be created (1) to sell realty for creditors, (2) to sell mortgaged or leased realty for the benefit of legatees or to satisfy any charge thereon, (3) to receive the rents and profits of realty and apply them to the use of any person for life, and (4) to receive and accumulate such rents and profits for the purposes prescribed by law; and section 97 provides that a devise of realty to an executor for purposes of sale or mortgage, where he is not also empowered to receive the rents and profits, shall not vest any estate in him but the trust shall be valid as a power. and the realty shall descend to the heirs or pass to the devisees. *Held*, that the will did not give the fee of the realty to the executors under an express trust, but merely gave them a power to sell, leaving the fee to pass to the heirs or devisees subject to the power.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 672.*]

2. EXECUTORS AND ADMINISTRATORS (§ 129*)—QUIETING TITLE—RIGHT OF AC-TION.

Under Code Civ. Proc. § 1638, providing that where one has been, or he or those whose estates he has have been, for a year in possession of realty claiming it in fee for life or years, he may maintain an action against any other to compel the determination of any adverse claim, an executor merely having a power of sale of realty belonging to the estate, the fee to which had passed to the heirs, could not maintain an action to determine a claim of title as against one claiming the property under a deed; a plaintiff in an action under the statute being required to rely upon the strength of his own title, and not upon the weakness of de-fendant's, the same as in ejectment.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 129.*].

Action by Henry Stevens, as executor, against John C. Fogle. Com-plaint dismissed.

C. L. Fritton, for plaintiff.

Duquette, Stockwell & Leibold, for defendant.

POOLEY J. This is an action brought by the plaintiff, as executor of the last will and testament of Jane Stevens, deceased, under and pursuant to section 1638 of the Code of Civil Procedure, to deter-mine the claim to certain real property situate in the city of Lockport, N. Y. The plaintiff herein as executor, now acting and duly qualified as such, claims to have the fee to the property in question under and by virtue of the will of Jane Stevens, deceased, which was duly ad-mitted to probate by the surrogate of Niagara county. This conten-tion is denied by the defendant, who claims to be the owner in fee un-der and by virtue of a certain deed conveying certain properties,

among which the defendant contends the particular parcel here in question is included, and it is really for the purpose of determining who is the actual owner of this property that this action has been brought. To successfully maintain this action, it is incumbent upon the plaintiff, under section 1638 of the Code, to establish that:

"A person has been, or he or those whose estates he has, have been for one year in possession of real property or of any undivided interest therein, claiming it in fee or for life or for a term of years, not less than ten."

The allegations of the complaint are that the plaintiff is the owner in fee, so that our consideration of the interest of the plaintiff in the property in dispute is limited to whether or not the plaintiff as executor by virtue of the terms of the last will and testament of Jane Stevens, deceased, is actually the owner in fee of the property in question.

The following provisions of the will of Jane Stevens by reason of which the plaintiff claims to be the owner in fee of the said property are as follows:

"My will is that my executors hereinafter named shall as soon after my decease as conveniently may be, due regard being had to the interests of the parties concerned, sell and dispose of all my property and estate both real and personal, and convert the same into money, and after paying from the proceeds and avails thereof all my just debts and funeral expenses, the remainder of said proceeds and avails I give and bequeath to my nine children."

"And my said executors are hereby authorized to execute and deliver all such deeds and other instruments which may be necessary or proper to carry into effect this my will, and to sell and convey my real estate upon such terms of credit and to take such securities for the purchase price or prices not paid down as in their judgment will best promote the interests of all concerned."

It is the contention of the plaintiff herein that the foregoing creates a trust in the plaintiff herein, and gives to him as executor a fee to the properties in question.

It is the contention of the defendant herein that the quoted provisions of the will merely create in so far as the executor is concerned a power of sale which he has the right and authority to exercise with respect to the said properties, but that the fee to the said properties immediately upon the death of said Jane Stevens passed to her heirs at law, or upon the admission to probate of her said last will and testament to devisees thereunder.

Assuming for the moment the contention of the plaintiff to be true, we must find that under section 96 of the real property law (Consol. Laws 1909, c. 50) the trust created by the terms of said will must come within one of the following classifications:

"(1) To sell real property for the benefit of creditors. (2) To sell, mortgage or lease real property for the benefit of annuitants or other legatees, or for the purpose of satisfying any charges thereon. (3) To receive the rents, profits of real property, and apply them to the use of any person during the life of that person, or for any shorter term, subject to the provisions of law relating thereto. (4) To receive the rents and profits of real property and to accumulate the same for the purposes and within the limits prescribed by law."

There is no suggestion in the will that the real property in question is to be sold for the benefit of creditors, or for the benefit of an-

nuitants or other legatees, or for the purpose of satisfying any charges thereon, so that, if an express trust in reference to this property is created, it must have been created either under subdivision 3 or subdivision 4 of section 96. Within either one of these two subdivisions there must be a devise to the executor, together with a trust creating the power and authority to receive the rents and profits of the real property, and to apply them either for the use of a particular person during the life of that person or for the purpose of accumulation within the limits prescribed by law.

After a careful examination of the will, we fail to find any such power or authority conferred by the terms thereof upon the executor therein named, the present plaintiff, and we are therefore forced to the conclusion that the will of Jane Stevens did not create an express trust within any of the subdivisions or classifications of section 96 of the real property law. Train v. Davis, 49 Misc. Rep. 162, 98 N. Y. Supp. 816, affirmed 114 App. Div. 903, 100 N. Y. Supp. 1146, without opinion; Matter of Murray, 124 App. Div. 551, 108 N. Y. Supp. 1047. Attention has been called to section 97 of the real property law, which provides as follows:

"Certain Devises to be Deemed Powers. A devise of real property to an executor or other trustee for the purpose of sale or mortgage where the trustee is not also empowered to receive the rents and profits shall not vest any estate in him, but the trust shall be valid as 'a power and the real property shall descend to the heirs or pass to the devisees of the testator subject to the execution of the power."

[1] In the absence of an express authority to the executor to collect the rents and profits, we are led to the conclusion that what was actually conferred upon the executor by the terms of said will was simply a power to sell, and that the fee to the property in question passed to the heirs at law or devisees of the testator, subject to the execution of such power. Coann v. Culver, 188 N. Y. 9, 80 N. E. 362. It has been urged that the use of the words "proceeds and avails" in the will is sufficient to warrant the conclusion that something other than the proceeds from the sale of the property was meant and intended by the executor. We cannot, however, agree with this proposition, and, when the words "proceeds and avails" are read in conjunction with the words "sell and dispose of all my property and estate both real and personal, and convert the same into money," we are inclined rather to the view that the words "proceeds and avails" in connection with the other words in the will were intended to be read "only the moneys received from the property both real and personal, after the execution of the power of sale by the executor." Train v. Davis, supra; Allen v. De Witt, 3 N. Y. 276; McNaughton v. McNaughton, 34 N. Y. 201. We do not undertake to read into this will, as is urged by the plaintiff herein, the right of the executor to collect the rents and profits by reason of the simple expression "proceeds and avails," as they are used in this connection. We are supported further in this view and interpretation of the will by the utter absence therein of an express conveyance of the title to this property by the testator to the executor for any purposes whatsoever, but the will in its broadest

terms merely contains, as we view it, a direction to the executor to sell and dispose of the real and personal property of the testator and convert the same into money, and in connection therewith the said executor is authorized to execute and deliver the necessary papers and instruments to properly carry into effect the said power.

[2] Having determined, therefore, that the will of Jane Stevens created a power of sale in favor of the executor, and not a trust, we are confronted with the question as to whether or not the plaintiff herein as executor with such power of sale can maintain this action. Our attention has not been called to any case in this jurisdiction in which this precise question has been determined, but we do find a number of parallel cases where the question has been indirectly considered by the courts of this state, that, where a will confers upon the executor the power of sale, the fee to the property vests immediately in the heirs at law or devisees of the testator, subject only to the execution of the power of sale by the executor. In the case of Chamberlin v. Taylor, 105 N. Y. 185, 11 N. E. 625, the plaintiff as executor with power of sale brought an action for ejectment against the defendant in possession of the property in suit. The court held that the executors could not maintain the action, saying:

"The title to the premises originally existing in the testator passed at the time of his death to his heirs, and from that time they alone had a right to the property and the exclusive right to maintain an action for its possession."

It is true that the above case was one for ejectment, but the rule that the plaintiff in such an action must rely upon his own title and not upon the weakness of the title of the defendant is equally true in the case at bar. Smith v. Chase, 90 Hun, 99, 35 N. Y. Supp. 615. And in the case of Steinhardt v. Cunningham, 130 N. Y. 292, 29 N. E. 100, the question was there collaterally determined that the fee to the property devised under the will with the power of sale to an executor passes immediately to the devisees of the testator, and the court there held that, under such circumstances, an executor with power of sale was not a necessary party to a foreclosure action, but that the plaintiff mortgagor could have obtained good title upon foreclosure by simply joining the devisees under the will.

To the same effect is the case of Crittenden v. Fairchild, 41 N. Y. 289. This was an action to compel the defendant to specifically perform a contract to purchase real property made by the plaintiff, who was an executor with power of sale. The defense was that the plaintiff as such executor could not convey good title to the property. The court said that the executor could give good title, and continues:

"Here is no attempt to vest a title in the trustees, but to confer a power of sale upon these executors and distribute the avails to the residuary legatees. It has never been doubted that such a power of sale, conferred upon the executors for the purpose of carrying out the provisions of the will, and where the exercise of the power becomes necessary to carry out the intentions of the testator, is good. * * * And it is no objection to the power in trust in this case, taking effect as such, that it leaves the title in the heirs subject to the execution of this power. Downing v. Marshall, 23 N. Y. 379, 380, 80 Am. Dec. 290. It follows from what we have already said that the

objection made by the appellant that the title offered in this case is not good because the power of sale which these executors have executed in making this conveyance to him is inconsistent with, and defeats the devise to these residuary legatees, is not tenable. The title is made by the statute in such a case to vest at once in the devisees subject only to the execution of the power for the purposes for which it was conferred."

Many other cases of a similar nature in which the question here presented is determined may be found in this state. The rule is now so well settled that the simple citation of them will suffice. Smith v. Chase, 90 Hun, 99, 35 N. Y. Supp. 615; Lent v. Howard, 89 N. Y. 177; Manice v. Manice, 43 N. Y. 303.

After a careful examination of the various cases bearing upon this proposition and of the authorities cited by counsel, there seems to be no room for doubt that the fee to the property in question passed directly to the devisees of the testator under the terms of the will of Jane Stevens, and that all that was conferred by that instrument upon the executor, the plaintiff herein, was the power of sale. Without assuming to determine the merits of the plaintiff's claim with respect to the cloud upon the title or as to the sufficiency of the defendant's title to these properties, the plaintiff cannot maintain this action, for the reason that the fee to the property, a necessary prerequisite to the plaintiff for the purpose of maintaining this action, seems to be in persons other than the plaintiff herein.

For the foregoing reasons, plaintiff's complaint herein should be dismissed, with costs.