In the Matter of the Petition of PAUL GANTERT, a Creditor, etc.

Whenever a power or authority to sell is given by will to executors, without limitation and not in terms made discretionary, and its exercise is rendered necessary by the scope of the will and its declared purposes, the authority is to be deemed imperative and a direction to sell will be implied, provided the design and purpose of the testator is unequivocal and the implication so strong as to leave no substantial doubt, and his intention cannot otherwise be carried out.

The exercise of such an imperative power of sale may be compelled in favor of any party lawfully entitled under the provisions of the will to the proceeds of the real estate when sold, and so, may be compelled by a creditor whose debt is directed by the will to be paid and for the satisfaction of which the personal estate proves insufficient (1 R. S. 684, § 96).

J. died owing unsecured debts amounting to much more than the value of his personal estate; by his will he directed the payment of all his just debts and funeral expenses by the executors and trustees. He then gave all his property real and personal, to executors and trustees, upon certain specified trusts, with " full power and authority to sell and convey any and all " the real estate. In a proceeding instituted under the provisions of the Code of Civil Procedure (§§ 2749, 2801) by a general creditor, to obtain payment of his debt, by a sale of real estate of the decedent. *Held*, that the power to sell was imperative and the exercise of it might be compelled by the creditor; and that, as the debtor had thus provided another remedy equally prompt and effective in its operation the statutory remedy could not be resorted to.

*Scholle* v. *Scholle* (113 N. Y. 261); *In re McComb* (117 id. 378); *In re Bingham* (127 id. 296); *In re City of Rochester* (110 id. 159); *Clift* v. *Moses* (116 id. 144); *In re Powers* (124 id. 361), distinguished.

Reported below, 63 Hun, 280.

(Argued October 25, 1892; decided November 29, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department made February 18, 1892, which affirmed an order of the Surrogate's Court of the county of New York sustaining exceptions to the report of a referee and dismissing a petition of Paul Gantert, a creditor, to compel the sale of real estate of William A. Juch, deceased.

The facts, so far as material, are stated in the opinion.

*Abner C. Thomas* for appellant. The obvious meaning of the statute is to give a creditor a remedy against the real estate of a deceased debtor, unless such debtor has, by his will, given him a better one. (Code Civ. Pro. §§ 2749, 2759.) The testator does not devise any part of his real estate " expressly charged with the payment of debts." (*In re Powers*, 124 N. Y. 361; *Clift* v. *Moses*, 116 id. 144, 155; *In re City of Rochester*, 110 id. 159.) The will does not grant any power of sale for the payment of debts. (*In re Powers*, 124 N. Y. 361; *Clift* v. *Moses*, 116 id. 144, 155; *In re City of Rochester*, 110 id. 159; *Glacius* v. *Fogal*, 88 id. 434, 444; *Erwin* v. *Loper*, 43 id. 521; *Hood* v. *Hood*, 85 id. 561; *Parker* v. *Linden*, 113 id. 28; *Scholle* v. *Scholle*, 113 id. 261; *In re McComb*, 117 id. 378; *In re Bingham*, 127 id. 296.) Even if it could

be held that the power of sale might be exercised by the executors in their discretion in such a way as to produce assets, that circumstance would not be an answer to this proceeding. (*Mott* v. *Ackerman*, 92 N. Y. 540; *Cooke* v. *Platt*, 98 id. 35; Woerner on Adm. of Estates, § 340; Pom. Eq. Juris. § 1160; *Chamberlain* v. *Taylor*, 105 N. Y. 185.)

*Thomas Allison* for respondent. Proceedings such as the one under consideration are provided for by the Code. (Code Civ. Pro. §§ 2749–2759, 2801.) This court on appeal cannot assume, and the evidence not being before it cannot decide, that all the facts mentioned in the section of the Code above cited were, as thereby required, " established to the satisfaction of the surrogate," nor that such evidence was given of them as that he ought to have held them all established to his satisfaction. (*Kingsland* v. *Murray*, 113 N. Y. 170.) The testator by his will made his land subject to a power of sale for the payment of his debts, and that fact defeats this application. (Code Civ. Pro. § 2759; *Cusack* v. *Tweedy*, 126 N. Y. 81; *Earle* v. *Earle*, 93 id. 164.) Whether such was his intent or not, yet, as matter of law, this power of sale was one for the payment of debts. (*Stewart* v. *Hamilton*, 37 Hun, 19; *In re Davids*, 5 Dem. 14.) The appellants contend that the power of sale, even if valid and for the purpose of paying debts, is impracticable. This is untenable. (*In re Davids*, 5 Dem. 14.) The objection that the power of sale herein is entirely dependent upon the validity of the trusts created by testator in favor of his widow and children, and that these trusts are invalid, and, therefore, the power of sale falls, is untenable. (*Phillips* v. *Davies*, 92 N. Y. 199; *Crozier* v. *Bray*, 120 id. 366; *Schermerhorn* v. *Cotting*, 131 id. 48; *In re Livingston*, 34 id. 567; *Henderson* v. *Henderson*, 113 id. 1; *Hetzel* v. *Barber*, 69 id. 1.) By giving the construction to this will which appellants contend for, still all the trusts contained in it would not thereby become void. (*Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Williams* v. *Conrad*, 30 Barb. 524; *Henderson* v. *Henderson*, 113 N. Y. 1, 14, 15, 16; *Culross* v. *Gib-*

*bons,* 130 id. 447, 452; *Greer* v. *Chester,* 62 Hun, 329; 131
N. Y. 629; *Tiers* v. *Tiers,* 98 id. 568, 572, 573; *Post* v.
*Hoover,* 33 id. 593, 598; *Schettler* v. *Smith,* 41 id. 328, 335,
336; *Manice* v. *Manice,* 43 id. 303; *Harrison* v. *Harrison,*
36 id. 543; *Savage* v. *Burnham,* 17 id. 561, 576.)   There is
strong ground for arguing that the will expressly charges the
payment of testator's debts on his real estate, which is also
fatal to this application by the terms of section 2759 of the
Code, subdivision 3.   (*Wiltsie* v. *Shaw,* 100 N. Y. 191;
*McCorn* v. *McCorn,* Id. 511.)

MAYNARD, J.   The testator made his will November 28,
1887, and died July 1, 1888.   He owed unsecured debts to
the amount of $30,000, and the net value of his personal prop-
erty, after the payment of the expenses of administration, did
not exceed $1,025.   It is to be inferred that this was the con-
dition of his property at the time of the execution of the will,
as it does not appear that any change had occurred interme-
diate that date and his death.   He owned real estate of the
estimated value of $73,500, exclusive of the incumbrances
upon it.   He appointed his wife, one of his sons and a friend,
the executors and trustees of his will, and he first orders and
directs them to pay all his just debts and funeral expenses as
soon after his decease as may be convenient.   He then gives
all his property, both real and personal, to his executors and
trustees upon certain specified trusts for the benefit of his wife
and three minor children, and in the concluding paragraph of
the instrument appoints the executors and trustees, and couples
the appointment with a power in these words: " Giving and
granting unto my said executors and trustees full power and
authority to sell and convey any and all my real estate either
at private sale or public auction, and to make, execute and
deliver good and sufficient conveyances therefor."   The para-
graph closes with a specific authority to mortgage the real
estate for certain purposes, which it is not important to con-
sider here.   The petitioner is a general creditor to the amount
of $3,750, who has been unsuccessful in his efforts to secure

the payment of his debt out of the personal estate, because of the deficiency of assets, and has brought this proceeding under the provisions of the Code (§§ 2749–2801), to obtain a liquidation of his demand by the sale of the real estate of the decedent. It is conceded that he is entitled to the relief sought, unless the testator's real property is, by the terms of his will, subject to a valid power of sale for the payment of debts and funeral expenses. (§ 2759, subd. 4.) It is true, as the learned counsel for the petitioner contends, that a power of sale to pay debts, sufficient to defeat the creditor's application under the statute, must be one the exercise of which is imperative and not simply discretionary. The creditor cannot be deprived of his statutory remedy, unless the debtor has, by his testamentary act, provided him with another, which is equally prompt and effective in its operation.

But we think the authority conferred by this will is adequate to secure to the petitioner the accomplishment of the ultimate design of this proceeding. When read in connection with its other provisions, we cannot regard the direction to the executors and trustees to pay all just debts, as an idle and meaningless formula. The testator well knew that his will in this respect could not be obeyed without a sale of some part of his real estate, and it is to be presumed that he intended to clothe them with a power commensurate with the duties and obligations imposed upon them. He evidently had in view a complete adjustment of the affairs of his estate by the agents of his own choice in whom he reposed especial confidence.

Wherever a power or authority to sell is given without limitation, and is not in terms made discretionary, and its exercise is rendered necessary by the scope of the will and its declared purposes, the authority is to be deemed imperative, and a direction to sell will be implied, provided the design and purpose of the testator is unequivocal and the implication so strong as to leave no substantial doubt, and his intention cannot otherwise be carried out. (*Scholle* v. *Scholle*, 113 N. Y. 261; *Chamberlain* v. *Taylor*, 105 id. 194; *Hobson* v. *Hale*, 95 id. 598.)

We are referred to many other cases where it has been held that a power of sale is not available for the payment of debts, but they are all cases where the power was either discretionary, or limited to some other specific purpose, or where it could not be exercised without breaking up and destroying the scheme of the will and frustrating the intention of the testator. (*Kinnier* v. *Rogers*, 42 N. Y. 531; *Scholle* v. *Scholle, supra; Matter of McComb*, 117 id. 378; *Matter of Bingham*, 127 id. 296.)

If the testator has specifically devised designated portions of his realty, or impressed them with separate trusts, the presumption is very strong, and usually controlling, that he did not intend that these dispositions of his property should be overturned by the exercise of a general power of sale. A direction to sell for the payment of debts cannot be implied in such cases, because, in order to sustain the structure of the will, there must be implied a direction not to sell for such a purpose. No difficulty of this kind is in the way here. The real and personal property is blended in one gift to the executors for a common trust in which all the beneficiaries share equally. In such cases the exercise of a general and unlimited power of sale is imperative, and may be compelled in favor of any party who is lawfully entitled, under the provisions of the will, to the proceeds of the real property when sold. A creditor, whose debt is directed by the will to be paid, and for the satisfaction of which the personal estate proves insufficient, belongs in this class. He is beneficially interested in the exercise of the power, and, as to him, it becomes a power in trust, and under the statute every such power, unless its execution or nonexecution is made expressly to depend on the will of the grantee, is imperative and imposes a duty on the grantee, the performance of which may be compelled in equity, for the benefit of the parties interested. (4 R. S. [8th ed.] pg. 2448, § 96.)

Such a power does not interfere with the order in which the assets of a decedent's estate must be marshaled for the payment of debts. The personalty must first be exhausted, and

if that fails, the execution of the power may be resorted to and compelled so far as necessary to meet the deficiency.

In a case like the present the debts are not made a charge upon the real estate. It is a naked power to sell for the payment of debts, and the decisions which prescribe the rule to be observed in determining whether there is a charge upon the realty have no application. (*Matter of City of Rochester*, 110 N. Y. 159; *Clift* v. *Moses*, 116 id. 144; *Matter of Powers*, 124 id. 361; *Matter of Bingham*, 127 id. 296.) If the debts were so charged there would be no occasion for the exercise of the power of sale. They would then be a lien upon the realty enforceable in equity by a sale of the property without the intervention of the authority of the executors. At common law a devise of real estate after a direction by the testator that his debts be first paid was deemed equivalent to a charge of the debts upon the real property devised. (*Trott* v. *Vernon*, Prec. in Chan. 430; *Williams* v. *Chitty*, 3 Vesey, 545.) This liberal rule of interpretation was undoubtedly adopted for the reason that in England there was no statute until 1833 which rendered the real estate of all decedents liable for the payment of their simple contract debts. But in this state there have been statutes in force for over a century (Laws of 1786, ch. 27) authorizing the sale of a decedent's real estate to pay debts, and it has been uniformly held that because of the existence of this remedy an intent to charge debts upon real estate must appear from express direction or be clearly gathered from the provisions of the will.

It cannot be inferred or implied. In this respect the rule is different as to legacies. (*Clift* v. *Moses, supra.*)

It is of some significance that the testator directs his debts to be paid by his executors and trustees, and that the power of sale is given to them in the same dual capacity. The suggestion of a trust seems to pervade the entire instrument and to characterize the duties imposed and powers created by it.

There has been some discussion by counsel and in the opinions of the referee and surrogate as to the validity of the trusts created for the benefit of the testator's wife and minor

children, but we are unable to perceive how a determination of that question becomes material upon this appeal. If the power of sale is limited to the purposes of the trust it is not imperative, but discretionary.

There is no direction, express or implied, in the will to sell the real estate and convert it into personalty for the purposes of the trust until the youngest child becomes of age, or until his death if he does not survive his minority. In fact the terms of the will are such that the testator seems to have contemplated that his executors and trustees might deem it expedient to hold the real estate meanwhile, or some portions of it, for he has authorized them to pay the interest on the mortgages and to execute new mortgages for the purpose of retiring those which become due and demandable. They might sell at any time for the advantage of the trust if, in their judgment, it was thought advisable, but they could not be compelled to do so until the expiration of the trust term, and hence the existence of a power limited to such purposes could not be invoked to defeat this proceeding. If the power had been effectually exercised in part the proceeds could be treated as assets available for the payment of debts, and, until exhausted, there could be no recourse against the other lands of the decedent. (*Erwin* v. *Loper*, 43 N. Y. 521; *Hood* v. *Hood*, 85 id. 561; *Glacius* v. *Fogel*, 88 id. 434; *Matter of Powers*, 124 id. 361.) But we think that the power is not limited to the trust scheme, but was bestowed for the purpose of enabling the executors to faithfully discharge all the obligations of the will, and that the petitioner, as a beneficiary of the power, can compel its execution.

The order appealed from should, therefore, be affirmed, with costs.

All concur.

Order affirmed.