WILLIAM T. REYNOLDS, as Executor, etc., of WALTER P. DENSLOW, Deceased, Respondent, *v.* VAN BUREN DENSLOW and Another, Appellants, Impleaded with ANNIE N. TURNER and Others, Defendants.

| 80h | 359 |
|---|---|
| 65 AD[1]599 |

| 80h | 359 |
|---|---|
| 39 Mis[1]414 |

*Uses and trusts — trust limitations given effect as powers in trust — as powers they are unlimited.*

While all express trusts are abolished except those enumerated in section 55 of the Statute of Uses and Trusts, yet that statute has not stripped the owners of property of the power to impress upon their estates limitations possessing the characteristics of trusts ; trust limitations, if lawful, may be given effect as powers in trust.

The statute does not enumerate or define the acts which may be done under a power as in the case of trusts, and such acts are practically unlimited.

Powers may be created for any lawful purpose, by any language which indicates an intention to bestow them, and to do any act which the grantor might himself lawfully do.

APPEAL by the defendants, Van Buren Denslow and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 29th day of December, 1893, upon the decision of the court, rendered after a trial at the Dutchess Special Term, construing the last will and testament of Walter P. Denslow, deceased.

*Benjamin B. Kenyon,* for the appellants.

*J. S. Van Cleef,* for the respondent.

DYKMAN, J.:

The object of this action was to procure a judicial construction of the last will and testament of Walter P. Denslow, deceased.

The questions for determination are presented by the twelfth, thirteenth and fifteenth clauses of the will, which read as follows:

SECOND DEPARTMENT, JULY TERM, 1894. [Vol. 80.

"*Twelfth.* I give unto my wife, Susan F. Denslow, the use, during her natural life, of all my real estate of every kind of which I die seized of, with full power to collect and use the income and profits therefrom.

"*Thirteenth.* At the death of my wife, or in case she shall not survive me, I give and devise all my estate, both real and personal, and not herein otherwise disposed of, unto my executors hereinafter named, in trust for the following uses and purposes, viz.: To sell and convert the whole thereof into cash, and for that purpose I hereby give and grant unto them full power and authority to sell the same, and give and deliver good and sufficient deeds and other instruments therefor, and I order and direct that they divide the proceeds of such sales into six equal parts, and that they pay over and deliver unto Ruby Brooks one of such equal sixth parts, and in case that she shall not survive my wife, then I direct that that said one-sixth part be paid over and divided equally among the children of said Ruby Brooks, share and share alike, and further, that said executors pay over and deliver unto the said Olive Sykes, wife of said Edmund T. Sykes, two of such equal sixth parts, and in case she shall not survive my said wife, then that they pay over and divide the same equally among the children of said Olive Sykes, who shall survive my wife, share and share alike, and further, that said executors pay over to my brother Oliver C. Denslow one of said equal one-sixth parts, and in case he shall not survive my said wife, that then they pay over and divide the said one-sixth part equally among the children of said Oliver C. Denslow, who shall survive my wife, and further, that said executors pay over and deliver one of said equal one-sixth parts equally among the children of my brother John W. Denslow, who shall survive my wife, share and share alike, and further, that said executors pay over and divide one of said equal one-sixth parts equally among the nephews and nieces by blood of my said wife, Susan F. Denslow, share and share alike.

"*Fifteenth.* If at any time during the lifetime of my wife, my executors hereinafter named, shall in their opinion, deem it best for the interest of my estate, that any or all of the real estate of which I die seized of should be sold, and my said wife shall consent to such sale, then and in that case, I hereby authorize and empower my executors hereinafter named to sell and convey any and all of my

real estate, and give good and sufficient deeds therefor, and I hereby direct them to invest the proceeds of such sale or sales upon securities authorized by law, and the rules and practice of the courts, and quarterly, half-yearly or yearly, as they shall receive the income therefrom, to pay such income over unto my said wife, Susan F. Denslow, during the term of her natural life."

The cause was tried at a Special Term of the court, and a judgment rendered in favor of the validity of the will. Two of the defendants have appealed from the judgment.

It is the contention of the appellants that the devise of the real property to the executors in trust is invalid as a trust because it fails to empower the trustees to receive the rents and profits, and cannot be valid and executed as a power in trust because the purpose for which the trust was intended to be created is one for which a valid trust is authorized by subdivision 2 of section 55 of the Statute of Uses and Trusts.

The respondent does not contend that the devise of the property to the executors was valid as a trust, but he insists upon its validity as a power, and so the trial court decided.

The statute upon which the judgment is based is this : " A devise of lands to executors or other trustees, to be sold or mortgaged, where the trustees are not also empowered to receive the rents and profits, shall vest no estate in the trustees, but the trust shall be valid as a power, and the lands shall descend to the heirs or pass to the devisees of the testator, subject to the execution of the power." (1 R. S. 729, § 56.)

While it is true that all express trusts are abolished except those enumerated in section 55 of the statute, yet that statute has not stripped the owners of property of the power to impress upon their estates limitations possessing the characteristics of trusts. Trust limitations, if lawful, may be effectuated as powers in trust. The statute does not enumerate or define the acts which may be done under a power, as in the case of trusts, and they are practically unlimited. Powers may be created for any lawful purpose, by any language which indicates an intention to bestow them, and to do any act which the grantor might himself lawfully perform.

The cases of *Blanchard* v. *Blanchard* (4 Hun, 288) and *Bel-*

*mont* v. *O'Brien* (12 N. Y. 405) are authority for the foregoing statements.

It is easily gathered from the language of section 56, above quoted, that section 58 of the statute was not aimed against the creation of powers. The provision is that where an express trust shall be created for any purpose not enumerated in the preceding sections, no estate vests in the trustee; that is the only effect of such an effort; but if the trust authorizes the performance of any act lawful under a power, it shall be valid as a power in trust.

It requires no argument to prove that it was perfectly lawful for this testator to bestow a power upon his executors to sell his property, divide the proceeds into six equal parts, and distribute them as directed.

In the case of *Germond* v. *Jones* (2 Hill, 569) the testator devised and bequeathed all his real and personal property to his brother in trust, to sell and dispose of the same, and out of the proceeds to pay debts and legacies, the residue to belong to the trustee. It was held that the trustee took no estate in the land, that the will created a power in trust, and upon the death of the testator the fee descended to the heirs. In that case Judge BRONSON, who delivered the opinion of the court, said: " In most of its features this appears to me to be a very plain case. The testator has devised all his property, real and personal, to his brother, Smith Germond, *in trust* to pay debts and legacies. This was a good express trust, or rather, power in trust, under our new Code in relation to uses, trusts and powers. (1 R. S. 728, 729, 734, §§ 55, 56, 94.) At the common law the estate would have passed to the trustee, but even then his widow would not have been entitled to dower. A woman is not dowable of a trust estate. But under our statute Smith Germond took no estate whatever in the land. He had authority to sell, but was not empowered to receive the rents and profits, and in such a case the trust is nothing more than a power, and the land descends to the heir subject to the execution of the power."

There have ever been powers in the nature of trusts, and even some of the trusts specified in section 55 are simply powers in trust. They may be created for many useful purposes, and it was wise to leave their purposes unrestricted. We, therefore, concur in the judgment and all its provisions.

Some minor and unimportant points raised by the appellants have received examination, but they present no error.

The judgment should be affirmed, with costs.

BROWN, P. J., and CULLEN, J., concurred.

Judgment affirmed, with costs.