HATCH, J.
—The facts are agreed upon, and the case presents only questions of law for solution. Plaintiffs are executors of the will of Stephen Taber, deceased. Claiming to act under the will, they exposed for sale, at public auction, certain real estate devised by the testator, which was purchased by defendant at such sale, but who thereafter refused to complete the purchase, on the ground that plaintiffs had no power to make the sale, and no authority to convey a good title to the land. Thereupon this action was brought to compel a performance of the contract ol *769 purchase, and defendant put in issue, by answer, the power of plaintiffs to sell the land and convey a good title. The will, which must be the subject of construction, is quite plain in its several parts, and the real question is whether the power of sale contained in its sixth clause survived the execution of the power created by the fourth clause. The testator, after providing for the payments of debts and expenses, divided his entire estate among four children and a widow, share and share alike, the widow’s share to be in lieu of dower. Bach beneficiary named is vested with an estate in fee simple absolute of the property, except testator’s son William, whose interest is provided for in the fourth clause. The estate therein, by this clause, is vested in the executors, to be held by them in trust for the benefit of William. By the fifth clause, power is conferred upon the executors in their discretion to convert the said trust estate into a fee simple in William, and thus place all the beneficiaries upon an equality. The sixth clause vests in the .executors a general power to sell and convey, at public or private sale, the whole or any part of the real estate, whenever it may be deemed advisable or necessary, either for the benefit or advantage of the estate, or to carry into effect the provisions of the will, and to convey complete titles thereto to the purchasers. It is clear, therefore, that testator’s intention was to create two separate, distinct, and independent powers,—one being a special power relating exclusively to the estate of William, and the other a general power, to be exercised upon the whole estate in the event it was deemed advantageous so to do. Prior to the sale of the property which is the subject of this action, the executors, in pursuance of the power contained in the fifth clause, conveyed to William, by deed, his fifth interest in fee simple absolute. And the widow elected to take the devise in lieu of dower. The estate remains unsettled, and the executors still act. It is now objected that the power of sale was without vitality, after the conveyance by the executors of William Taber’s fifth interest; that when this event happened the whole of the estate was vested in the widow and children absolutely in fee simple, the trust ended, and that, as the power of sale was not necessary thereafter to carry out the intention of the testator, it becomes repugnant to the ownership in fee, and cannot be upheld as a valid subsisting power. It is not an unusual feature in testamentary disposition to devise a fee and subsequently vest a power of sale in the executors of the instrument. Such power of sale is not necessarily repugnant to the devise in fee, and the courts have found little difficulty in sustaining it, holding that the estate vests in the devisees subject to the execution of the power. Crittenden v. Fairchild, 41 N. Y. 289; Kinnier v. Rogers, 42 id. 531; Drake v. Paige, 127 id. 569; 40 St. Rep. 244. In the present case, the power relating to the estate of William is separate and independent from the general power-under which the sale was made, and, while it is true that the trust estate created by the will was at an end when the deed was made, it does not follow that there existed no necessity for continuing *770 in existence the general power of sale. The power in trust evinced a distinct purpose to guard the estate of William from waste, which his unreliable habits might produce. The general power applied to the entire estate, in order that its proper distribution might be facilitated. The courts have recognized that such power may be upheld for that purpose. In Cussack v. Tweedy, 126 N. Y. 81; 36 St. Rep. 455, there were separate trusts for four children, coupled with a power of sale. By the death of one, an undivided fourth of the estate had vested in the issue, and it was claimed that the power of sale, as to such one-fourth, ended with the determination of the trust. The court held that the power covered the whole estate, and that the issue of the child dying took the fee subject to the exercise of the power. In the discussion, the court upheld the power, upon the ground, among others, that it would facilitate an ultimate division without the expense and delay of a partition. And the court cites with approval the phrase of an English case that “ the power is unlimited, and overrides the whole estate.” While the facts of that case are different from the' case at bar, yet the reason assigned for facilitating division and distribution of the estate is applicable to the conditions here existing, while the power is as broad as the one there under discussion or the one referred to in the English case. In Mellen v. Banning, 72 Hun, 176 ; 55 St. Rep. 319, the court concluded that the-only purpose for which the power could exist was to divide the-estate among those entitled, and they assumed, without deciding, that such power was not repugnant to a devise in fee. If this, were all, the suggestion contained in’that case wo.uld discredit the continued existence of a power for such purpose. But in Mellen v. Mellen, 139 N. Y. 210 ; 54 St. Rep. 670, where the same power was under consideration. ANDREWS, C. J., said:
“ But there can be no doubt as to the validity of the power of sale. There is no repugnancy between a devise in fee and a subsequent power of sale given to the executor for the benefit of thedevisees. This is a common incident of testamentary dispositions. The title to the lands vested in the widow and children of Abner Mellen under the devise, and was a fee, subject to the power of sale given to the executor. In case of a sale under the power, the title of the devisees in the land would be divested and an interest in the proceeds substituted.”
McCready v. Insurance Co., 83 Hun, 526 ; 65 St. Rep. 814.
The exercise of the power is liable to be defeated whenever thedevisees unite and elect to take the land in its unconverted form. McDonald v. O’Hara, 144 N. Y. 566 ; 64 St. Rep. 236. No such question arises upon the record in this case, as it is not claimed that there has been a concurrence of all the beneficiaries to work such a result. We conclude that the general power of sale was valid and substituting at the time defendant made her purchase, and that the executors could convey good title to the land sold.
The judgment appealed from should therefore be affirmed, with costs.
All concur.