decided by the court of appeals that the beneficial interest in said property passed to a brother of decedent; in other words, that the legacy was impressed with a secret trust in his favor. The comptroller relies upon the decision in the Fayerweather Case (Trustees v. Ritch, 151 N. Y. 282, 45 N. E. 876) to sustain the order appealed from. It is true that the opinion in that case employs language to give color to this claim, but the remarks are clearly obiter. Nothing can be more certain than that the person who gets the property pays the tax. The point decided in the Fayerweather Case was that the entry of an order in a transfer tax proceeding fixing a tax against the legatee individually is no bar to an action to establish that he really took the legacy as trustee.

In re Westurn's Estate, 152 N. Y. 93, 46 N. E. 315, seems to me to be in direct conflict with the claims of the state. In that case, there was a contest over the will of the decedent, pending which the appraisal was had. The court says (Andrews, J., writing the opinion of the court):

"The litigation over the probate of the will of the decedent was finally terminated by the decision of this court, in favor of the contestants. It was not until the final determination of the controversy, by the judgment of this court, that it could be known whether the property of the decedent passed under his will, or as in case of intestacy; and, until this fact was ascertained, it was impracticable to proceed to fix the transfer tax, * * * since the ascertainment of the persons entitled to the property of a decedent must precede the imposition of any tax. This has been the uniform construction given by this court to the transfer tax acts."

See, also, In re Ullmann, 137 N. Y. 403, 33 N. E. 480.

Appeal sustained.

---

(24 Misc. Rep. 350.)

### In re COUTANT'S ESTATE.

(Surrogate's Court, New York County. July, 1898.)

PROBATE—DISPOSITION OF PROCEEDS OF REAL PROPERTY.
    The surplus of the proceeds of decedent's real property sold under foreclosure, where such property was subject to a valid imperative power of sale for the payment of debts and funeral expenses, should not be paid into the surrogate's court pursuant to Code Civ. Proc. § 2798, since section 2759 provides that the surrogate cannot distribute the proceeds where there is a power of sale for payment of debts or funeral expenses.

Application for a distribution of certain surplus moneys arising from the sale of real estate of Emily T. Coutant, deceased, in an action of foreclosure. Denied.

Wendt, Berry & Edson, for petitioners.

Joseph C. Levi, Joseph Oscano, J. J. Britton, and Boese & Carhart, for other next of kin.

ARNOLD, S. This is an application for the distribution of certain surplus moneys, arising from the sale of real estate of which the decedent died seised, in an action brought to foreclose a mortgage thereon, and which moneys have been paid into this court pursuant to a provision to that effect contained in the judgment entered in such action, and which was apparently intended to be a compliance

with the directions of section 2798 of the Code of Civil Procedure. That section, however, is applicable only to real property liable to be disposed of as prescribed in the title of which it is a part, which is devoted to the subject of the disposition of a decedent's real property for the payment of debts and funeral expenses and distribution of the proceeds, and it is expressly provided therein (section 2759) that a decree directing the disposition of such real property can be made only when, among other facts, it is established that the property directed to be disposed of was not effectually devised, expressly charged with the payment of debts or funeral expenses, and is not subject to a valid power of sale for the payment thereof, or, if so devised or subject, it is not practicable to enforce the charge or execute the decree, and that the creditor has effectually relinquished the same. I think that, under the terms of this decedent's will, the real property was subject to a valid imperative power of sale for the payment of debts and funeral expenses, applying the principles laid down in Re Gantert, 136 N. Y. 106, 32 N. E. 551; and, as held in that case, that proceedings under sections 2749–2801, Code, for the sale of the decedent's real estate to pay her debts, could not be maintained, and that this is not a case in which the surplus moneys in question should have been directed to be paid into the surrogate's court, or can be distributed under section 2799. I think the proper course for the petitioners to pursue is to apply to the supreme court by motion to amend its decree by striking out the provisions for the payment of the surplus moneys into this court, and directing that they be returned to that court.

The application for distribution is denied.

(24 Misc. Rep. 351.)

### In re SCHERRER'S ESTATE.

(Surrogate's Court, New York County. July, 1898.)

1. GUARDIAN AND WARD—SUPPORT OF MINOR.
    Under Code Civ. Proc. § 2804, providing that one entitled under a will to the payment of money by the testamentary trustee may present to the surrogate a petition praying for a decree directing payment, the surrogate will, on the application of the general guardian, order such trustee, where he is directed by the will to apply the income of a trust estate to the support of the minor, to apply from such income a stated amount per week to such purpose.

2. SAME—PAST MAINTENANCE.
    Code Civ. Proc. § 2746, authorizing the surrogate to direct the general guardian to expend such portion of an infant's share in an estate as may be necessary, does not apply to a proceeding brought by a general guardian against testamentary trustees, and these cannot be compelled to make compensation for past maintenance of the ward.

Proceedings in the matter of the estate of Peter Scherrer, deceased, by a general guardian of an infant to be reimbursed by the testamentary trustees for past maintenance of the ward. Denied.

James Nixon, for petitioner.
C. J. G. Hall, for executors.