Sophie G. Parker, as Executrix, etc., of Asa W. Parker, Deceased, Plaintiff, *v.* Morris F. Beer and Ernestine Beer, Defendants.

*Power of sale given to executors — when it is not imperative — when creditors may, notwithstanding its exercise, compel a sale under the statute.*

A power of sale created by a will which provides : " I give all my property to my executors or those who act as executors, their survivors or survivor, to use and dispose of the same as though I died intestate. I authorize and empower such executors who act to sell and convey any real estate of which I die seized," is not imperative but a discretionary power created for the purpose of a division of the estate.

Such a power does not afford to the creditors of the testator a remedy equivalent to that afforded by the statute empowering them to maintain a proceeding for .the sale of a decedent's real estate for the payment of his debts, and will not preclude such creditors from resorting to the statutory remedy.

Consequently the executors cannot, while the debts of the testator remain unpaid, convey a clear and marketable title to real estate of which the testator died seized.

Submission of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Samuel Keeler* and *C. D. Rust*, for the plaintiff.

*Albert M. Fragner*, for the defendants.

Jenks, J. :

This is a submission of a controversy. Parker died in the borough of Brooklyn in February, 1900, seized, " together with other real estate," of certain premises known as No. 337 Tenth street in that borough. He left a last will and testament, which is as follows : " I give all my property to my executors, or those who act as executors, their survivors or survivor, to use and dispose of the same as though I died intestate. I authorize and empower such executors who act to sell and convey any real estate of which I die seized. I name as such executors my wife, Sophie G. Parker, my children, Asa W. Parker, Jr., Gordon Parker and Mabel C. Parker. I revoke all former wills by me made."

He left no personal estate, and the equity in the real property of which he died seized was less than $10,000, "much less in amount

than the debts and claims which said Asa W. Parker died owing," which amount to more than $50,000. Judgment in one of the claims for $4,000 had been entered against the executrix on November 21, 1900, and other claims had gone to judgment against her. On February 6, 1901, the plaintiff, as such executrix, entered into a written agreement with the defendants for a sale of the premises subject to a mortgage for $3,000, to be assumed by the defendants, whereby the defendants agreed to pay, over and above the mortgage, $1,300. Plaintiff thereafter tendered a deed, which was refused on the ground that the plaintiff could not give a clear and a marketable title.

The objection is that there is no power conferred on the executor to sell, which would protect the purchaser, in view of the remedy afforded to creditors of the testator by sections 2750–2759 of the Code of Civil Procedure. A creditor cannot be deprived of his statutory remedy against the real estate unless the will of the debtor has provided a remedy as efficient and as expeditious. (*Matter of Gantert*, 136 N. Y. 106, 110.) The question then is whether the testator devised his real estate expressly charged with the payment of his debts. The power given must be imperative in terms, and it must appear from express direction, or be clearly gathered from the provisions of the testament. (*Matter of Gantert, supra; Matter of Powers*, 124 N. Y. 361.) It is not a matter of inference or of implication. (Id.; *Clift* v. *Moses*, 116 N. Y. 144.) There is no express direction in the will. Therefore, the sole remaining inquiry is whether an imperative power is to be gathered therefrom. I think that the intention of the testator was to have his executors divide or distribute in accord with the statutes that apply in the case of intestacy. The devise of his property to the executors did not create a trust estate in them, but was simply a power created for the purpose of such division or distribution. (*Cooke* v. *Platt*, 98 N. Y. 35; Real Prop. Law [Laws of 1896, chap. 547], § 79; *Reynolds* v. *Denslow*, 80 Hun, 359; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Heermans* v. *Robertson*, 64 id. 332; *Heermans* v. *Burt*, 78 id. 259.)

The testator makes no mention whatever of his debts, nor does he give any direction with reference to the payment of them. He does not direct his executors to sell, but after directing a disposition under the statutes provided in cases of intestacy, he gives authority and

power to the executors to sell and to convey. The whole scope and purpose of this provision is simply in furtherance of the execution, division or distribution of the estate directed by the testator, and it must be regarded as not imperative, but discretionary. (*Matter of Bingham*, 127 N. Y. 296, 314, and cases cited.) The title vests in the heirs at law in accordance with the provisions of the statute, subject to the execution of the power. (Id., and authorities cited; *Smith* v. *Chase*, 90 Hun, 99; Real Prop. Law, § 79; *Taber* v. *Willets*, 1 App. Div. 285; affd., 153 N. Y. 663.) The power of sale, then, in this will did not afford a remedy to the creditors equivalent to that afforded by the statute (*Matter of Campbell's Estate*, 21 N. Y. Supp. 688; S. C., *sub nom. Matter of Heroy*, 67 Hun, 13, and authorities heretofore cited), and, therefore, in no sense precludes a creditor from an application pursuant to the said provisions of the Code of Civil Procedure.

Judgment for the defendants in accord with the terms of the submission, with costs.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment for defendants on submitted case, with costs.