### PARKER v. BEER et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

WILLS—CONSTRUCTION—POWER OF SALE—TITLE TO REAL ESTATE—RIGHTS OF CREDITORS—SPECIFIC PERFORMANCE.

Code Civ. Proc. §§ 2750, 2759, empower creditors of a deceased person to have the realty sold to pay debts, on proof that such debts are not charged by will on the realty, and that it is not subject to a power of sale for payment thereof, and that the personal estate is insufficient. A testator died insolvent, devising all his property to his executors, to use and dispose of as though he had died intestate, and authorizing his executors to sell and convey any real estate of which he died seised. The

executors contracted to sell certain real estate. *Held*, that the purchaser
would not be compelled to accept a deed, the executors being unable to
give a good title, since the devise to the executors did not pass the title,
but was simply a power for the purpose of distribution, and the power
of sale, in the absence of a direction to sell, was simply in furtherance
of the same purpose, and, not affording to creditors a remedy equivalent
to that of the statute, would not preclude them from selling the realty.

Action by Sophie G. Parker, as executrix of the will of Asa W.
Parker, deceased, against Morris F. Beer and another. Submission
of controversy. Judgment for defendants.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Samuel Keeler, for plaintiff.
Albert M. Fragner, for defendants.

JENKS, J. This is a submission of a controversy. Parker died
in the borough of Brooklyn in February, 1900, seised, "together with
other real estate," of certain premises known as No. 337 Tenth street,
in that borough. He left a last will and testament, which is as fol-
lows:

"I give all my property to my executors, or those who act as executors,
their survivors or survivor, to use and dispose of the same as though I died
intestate. I authorize and empower such executors who act to sell and
convey any real estate of which I die seised. I name as such executors
my wife, Sophie G. Parker, my children, Asa W. Parker, Jr., Gordon Parker,
and Mabel C. Parker. I revoke all former wills by me made."

He left no personal estate, and the equity in the real property of
which he died seised was less than $10,000,—"much less than the
amount of his debts and claims which he died owing, which amount
to more than $50,000." Judgment in one of the claims for $4,000
had been entered against the executrix on November 21, 1900, and
other claims had gone to judgment against said executrix. On Feb-
ruary 6, 1901, the plaintiff, as such executrix, entered into a writing
of agreement with the defendants for a sale of the premises subject
to a mortgage for $3,000, to be assumed by the defendants, where-
by the defendants agreed to pay, over and above the mortgage, $1,-
300. Plaintiff thereafter tendered a deed, which was refused on the
ground that the plaintiff could not give a clear and marketable title.
The objection is that there is no power conferred on the executor to
sell which would protect the purchaser, in view of the remedy af-
forded to creditors of the testator by sections 2750 and 2759 of the
Code of Civil Procedure. A creditor cannot be deprived of his stat-
utory remedy against the real estate unless the will of the debtor
has provided a remedy as efficient and as expeditious. In re Gantert,
136 N. Y. 106, 110, 32 N. E. 551. The question, then, is whether the
testator devised his real estate expressly charged with the payment
of his debts. The power given must be imperative in terms, and it
must appear from express direction, or be clearly gathered from the
provisions of the testament. In re Gantert, supra; In re Powers,
124 N. Y. 361, 26 N. E. 940. It is not a matter of inference or of
implication. Id.; Clift v. Moses, 116 N. Y. 144, 22 N. E. 393.
There is no express direction in the will. Therefore the sole remain-

ing question is whether an imperative power is to be gathered therefrom. I think that the intention of the testator was to have his executors divide or distribute in accord with the statutes that apply in the case of intestacy. The devise of his property to the executors did not create a trust estate in them, but was simply a power created for the purpose of such division or distribution. Cooke v. Platt, 98 N. Y. 35; Real Property Law, § 79; Reynolds v. Denslow, 80 Hun, 359, 30 N. Y. Supp. 77; Chamberlain v. Taylor, 105 N. Y. 185, 11 N. E. 625; Heermans v. Robertson, 64 N. Y. 332; Same v. Burt, 78 N. Y. 259. The testator makes no mention whatever of his debts, nor does he give any direction with reference to the payment of them. He does not direct his executors to sell, but, after directing a disposition under the statutes provided in cases of intestacy, he gives authority and power to the executors to sell and to convey. The whole scope and purpose of this provision is simply in furtherance of the execution, division, or distribution of the estate directed by the testator; and it must be regarded as not imperative, but discretionary. In re Bingham, 127 N. Y. 296, 314, 27 N. E. 1055, and cases cited. The title vests in the heirs at law in accordance with the provisions of the statute, subject to the execution of the power. Id., and authorities cited; Smith v. Chase, 90 Hun, 99, 35 N. Y. Supp. 615; Real Property Law, § 79; Taber v. Willets, 1 App. Div. 285, 37 N. Y. Supp. 233, affirmed in 153 N. Y. 663, 48 N. E. 1107. The power of sale, then, in this will, did not afford a remedy to the creditors equivalent to that afforded by the statute (In re Campbell's Estate [Sup.] 21 N. Y. Supp. 688, and authorities heretofore cited), and therefore in no sense precludes a creditor from an application pursuant to the said provisions of the Code of Civil Procedure.

Judgment for the defendants in accord with the terms of the submission, with costs. All concur.