(39 Misc. Rep. 412.)

### TOBIN v. GRAF et al.

(Supreme Court, Special Term, New York County. December, 1902.)

1. WILLS—CONSTRUCTION—VALIDITY OF TRUST.

Testatrix devised certain personalty to her daughter if her husband died before testatrix, otherwise to trustees, to accumulate the profits and transfer the estate to the daughter upon her husband's death, with a provision that, if the daughter died before the husband, the property was to pass to a grandson. *Held* to create, if the husband was living on the death of the testatrix, a valid active trust, which was not rendered invalid by a void direction for an accumulation, which was not for the benefit or during the minority of an infant or infants, and therefore unlawful, under Real Property Law, § 51.

2. SAME—ACCUMULATED PROFITS.

Where a devise of a personal estate to testatrix's daughter was made in trust, and authorized the accumulation of profits until death of the daughter's husband, the profits accumulated thereunder belong to the daughter, under Laws 1896, c. 547, providing that when, in consequence of a valid limitation of an expectant estate, the rents and profits are undisposed of, and no valid direction for their accumulation is given, they shall belong to the persons presumptively entitled to the next eventual estate.

**3. SAME.**

> Where a will provides for the accumulation of the income on a legacy to an infant until he reaches the age of 25, such direction is valid until he becomes of age, after which time he will be entitled to the income.

Action by Bertha Tobin against Frederick H. Graf and others to construe a will. Judgment rendered.

George P. Breckenridge, for plaintiff.

Hugo H. Ritterbusch, for defendant trustees.

Henry Fried, for defendant Mary C. Kiefer.

Leon Lewin, guardian ad litem for infant defendant Henry S. Kiefer.

STECKLER, J. The will of Catharine Kiefer, deceased, for a construction of which the action is brought, contains the following provisions:

> "All the rest, residue, and remainder of my estate, of whatsoever kind, and wheresoever situate, I give, devise, and bequeath unto my daughter, Bertha Tobin, forever, providing that her husband, John T. Tobin, shall have predeceased me; but, if the said John T. Tobin survive me, then and in that event all the rest, residue, and remainder of my estate I give, devise, and bequeath unto Frank H. Graf and Charles Frederick Gruninger, or survivor of them, in trust for my daughter, Bertha Tobin, until the death of her husband, John T. Tobin, at which time they are directed to transfer and convey unto her the whole of said estate, with accumulated profits, forever. If my daughter, Bertha Tobin, shall predecease me or predecease her husband, then and in that event I give, devise, and bequeath all the rest, residue, and remainder of my estate unto my grandson Henry S. Kiefer, the child of my son Henry, forever. The trustees, in whom I have full confidence, have full power to manage, sell, or invest my estate as they, in their sound judgment, see fit. I further direct the rents, issues, and profits be accumulated as capital."

Bertha Tobin, the daughter of the testatrix, survived her mother, and Bertha's husband, John T. Tobin, is living. It was evidently the intention of the testatrix that Bertha Tobin should receive neither the principal nor interest of the residuary fund until the death of her husband.

The direction for the accumulation of income on the gift in trust for the benefit of Bertha Tobin, not being for the benefit and during the minority of an infant, is unlawful. Real Property Law, § 51; Personal Property Law, § 4; Pray v. Hegeman, 92 N. Y. 508. So that, if the residuary estate was realty the trust would be void, for it is not one of those authorized by Real Property Law, § 76; a trust in real estate being invalid unless brought within the terms of the statute. Hagerty v. Hagerty, 9 Hun, 175. But the residuary estate consisted solely of personalty, and trusts of personal property are not, in respect either of the mode or purposes of their creation, within the statute of uses and trusts (In re Carpenter, 131 N. Y. 86, 29 N. E. 1005; Hagerty v. Hagerty, supra), and may be created for any purpose not per se illegal (Gilman v. Reddington, 24 N. Y. 9). It is true that in Maitland v. Baldwin, 70 Hun, 270, 24 N. Y. Supp. 31, the contrary doctrine seems to be stated; but that statement is mere dictum, for it was not necessary in the disposition of the case. A void direction for accumulation does not invalidate the gift

or bequest of the principal, which, if valid, may stand without the accumulation.   Williams v. Williams, 8 N. Y. 538; Kilpatrick v. Johnson, 15 N. Y. 322; Barbour v. De Forest, 95 N. Y. 13; Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302.   It seems to me, therefore, that if, apart from the direction for accumulation, a valid trust was created by the testatrix, it is the duty of the court, to prevent intestacy, to leave that trust intact, so as to preserve the general plan of the testatrix.   Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917.   Apart from the accumulation, the trust had a legal purpose, for it was plainly the design of the testatrix that Bertha should receive the residuary estate; that the executors should hold the property until the death of John T. Tobin, and then transfer it to Bertha, if living; and the direction to the trustees, on the death of John T. Tobin, to transfer and convey the property to Bertha (although, even if the corpus was realty, the statute would doubtless operate to execute the use in the beneficiary in case of the failure of the trustees to convey), makes the trust an active one.   Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805.   And see Holly v. Hirsch, 135 N. Y. 590, 32 N. E. 709; Reynolds v. Denslow, 80 Hun, 359, 30 N. Y. Supp. 77.   The trust having been created for a proper purpose, and the power of alienation not having been unduly suspended, it follows that the trust is valid.

The situation is similar to that presented in Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302, where the court said (page 152, 162 N. Y., page 520, 56 N. E., 76 Am. St. Rep. 302):

"But it does not follow that the entire trust should be held to be void because of the direction to unlawfully accumulate a part of the income. The rule is that where there are two trust objects, one of which is principal, and the other alternative, and the latter only is void, the principal trust may stand, and the other fail. That rule is applicable to this situation, and should govern it. The primary object of this testator, by the creation of this trust, was to provide an income for his wife; the accumulation for the purpose of paying mortgages being secondary."

So in this case the primary object of the testatrix was that her daughter, Bertha, should receive on the death of John T. Tobin the residuary estate; the disposition of the income from the fund being of secondary importance in the design of the testatrix.

The question as to the disposition of the income from the residuary fund, the accumulation of which income would be void, remains to be considered.   Section 2 of the personal property law (Laws 1897, c. 417), after providing that the absolute ownership of personal property shall not be suspended for more than two lives in being, states that:

"In other respects limitations of future or contingent interests in personal property, are subject to the rules prescribed in relation to future estates in real property."

The real property law (Laws 1896, c. 547, § 53) provides that:

"When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

The last provision cited, therefore, refers also to personal property. Cook v. Lowry, 95 N. Y. 104.

Who is the person presumptively entitled to the next eventual estate in this case? The trustees have a present estate in the property. In case of the death of John T. Tobin before his wife, the plaintiff, she will be entitled to the fund, while, in the event of Bertha Tobin predeceasing her husband, the property will go to Henry S. Kiefer. The trust was made primarily for the benefit of the plaintiff, and it seems to me that, within the meaning of the statute, she is the person presumptively entitled to the next eventual estate.

The testatrix also directed the accumulation of income upon a legacy given by her to her infant grandson, Henry S. Kiefer, until the legatee should reach the age of 25 years. Such direction, as respects the time beyond the minority of the infant, is void, but the bequest and the accumulation until the infant arrives at his majority are valid. Kilpatrick v. Johnson, supra. Said legatee is therefore entitled to the income earned by the fund after his twenty-first birthday, and, when he arrives at the age of 25 years, to the fund as it shall exist on his twenty-first birthday. See Lang v. Ropke, 5 Sandf. 363.

Submit form of decision and decree in accordance with these views. Judgment accordingly.