## Matter of the Estate of IDA HALE SEGURA, Deceased.

(Surrogate's Court, New York County, March, 1920.)

Accounting — testamentary trustees — trusts — wills — accumulation of income — Real Property Law, §§ 61, 63.

> A direction to testamentary trustees to invest "all or any trust moneys, including unexpended income and profits thereof," and to pay to a named person upon her becoming a widow all of the estate, "including any unexpended income thereof," implies an accumulation of surplus income, and such accumulation being void under section 61 of the Real Property Law, and the will containing no direction for the disposition of surplus income, the named person has a vested remainder in the trust fund and being the one presumptively entitled to the next eventual estate under section 63 of said statute the accumulated income in the hands of the accounting trustees belongs to her.

PROCEEDING upon the judicial settlement of the accounts of executors and trustees.

Geller, Rolston & Horan (Henry C. Eldert, of counsel), for petitioner.

Ehrich, Wheeler & Walter (Ernest E. Wheeler, of counsel), for contestant.

COHALAN, S. In this accounting proceeding it becomes necessary to construe the will of testatrix. Ida Hale Segura died August 27, 1913, leaving a last will and testament which was duly admitted to probate by this court on the 13th day of November, 1913. After directing the payment of her debts and funeral expenses the will of testatrix gave her entire estate to her executors and trustees in trust and provided:

" * * * 2. That they hold, invest and keep invested my said Estate, or the proceeds of any sale thereof, and collect and receive the rents, issues, incomes and profits arising therefrom, and pay or apply to the support and use of my daughter, Anna M. S. Wright, the sum of Three Hundred Dollars ($300) thereof per annum, in semi-annual payments for and during the term of her natural life, or until she becomes a widow. And upon the further trust:

" 3. That, in the event of my said daughter becoming a widow, my said Executors and Trustees transfer, pay and deliver to her absolutely, in cash or securities, all of my said Estate, including any unexpended income thereof, to whom I give and bequeath the same absolutely and forever. And upon the further trust:

" 4. In the event of the death before me of my said daughter or in case she shall not have become a widow after my death, then and upon her decease, that they transfer, pay and deliver my said estate as follows:

" a. To my niece, Ida Amanda Peck, the sum of Five Thousand Dollars ($5,000).

" b. To the Institution known as Huerfanos de la Patria located at Havana, Island of Cuba, or to its Board of Directors, Trustees or Managers, for the general purposes thereof, absolutely and forever, the sum of Ten Thousand Dollars ($10,000) and I direct that all Transfer, Legacy and other Taxes imposed thereon, or to which the same may be subject, by the Laws of the Republic of Cuba, as well as by the State of New York, or other government or municipality, be paid out of the remainder of my estate."

The remainder was disposed of as follows: One-fourth to each of the following institutions located at Havana, Cuba; Escuela Correccional para Ninas, Escuela Domicillaria para Ninas, Mercedes Hospital, Pauala Hospital.

40

Surrogate's Court, New York County, March, 1920. [Vol. 110.

The will then gives general powers to the executors and trustees and authorizes them to invest " all or any trust moneys, *including unexpended income and profits thereof,* in such form of investments as they may deem best."

It appears by the account filed in this proceeding that the testatrix left a gross estate of $33,514.65. There is at present a balance of $31,729.63 in the hands of the executor, as trustee.

The annual income from the estate has amounted to about $1,600, out of which the trustee has paid to this contestant $300, as provided by the terms of the will, leaving an annual surplus of income amounting to about $1,300, which has been accumulated and invested and now amounts to the sum of $5,155.46. The question here presented involves a determination as to whom the latter sum is to be paid.

There is no direction in the will for the accumulation of surplus income. The testatrix, however, contemplated an accumulation of the surplus income, as she expressly directs her trustees to invest " all or any trust moneys including unexpended income and profits thereof, in such forms of investment as they may deem best," and to pay to Mrs. Wright all her estate, " *including any unexpended income thereof,*" upon her becoming a widow. An accumulation of surplus income is implied from the language of the will of testatrix. Such accumulation is void (Real Prop. Law, § 61), and there being no valid direction for the disposition of the surplus income, such rents and profits belong to the person or persons presumptively entitled to the next eventual estate. Real Prop. Law, § 63. Down to this point the parties agree, but as to the person entitled to the accumulated income they are not in accord.

The accounting trustee contends that Ida Amanda

Peck and the Cuban charities are the persons presumptively entitled to the next eventual estate. He claims that the trust is measured by the life of Mrs. Wright, unless she becomes a widow, in which case the trust terminates prior to her death, and consequently the remainder is vested in Ida Amanda Peck and the Cuban charities, subject to be divested by the death of the husband of Mrs. Wright before her. With this contention I do not agree. In my opinion Ida Amanda Peck and the Cuban charities are contingent remaindermen. *Matter of Crane*, 164 N. Y. 71; *Matter of Baer*, 147 id. 348; *Delafield* v. *Shipman*, 103 id. 464; *Delaney* v. *McCormack*, 88 id. 174. The only words of gift in the devise to them are found in the direction to the executors and trustees to pay over the estate of testatrix to them at a future time, namely, in the event that her daughter " shall not have become a widow after my death." This is not a case where the postponement of payment is merely for the purpose of letting in an intermediate estate. Futurity is annexed to the substance of the gift. The intention of the testatrix, I find, was to make the gift to the alternative remaindermen contingent on the death of Mrs. Wright before her husband.

On the other hand, Mrs. Wright, in my opinion, has a vested remainder in the trust fund held for her benefit subject to be divested by her death before her husband. The gift of the remainder to Mrs. Wright is not in the future, as the will directs the payment of the estate to her, upon her becoming a widow, " to whom I give and bequeath the same absolutely and forever." Enjoyment and distribution of the remainder only were deferred, and not the time of vesting. In no event can the alternative residuary legatees take prior to the death of Mrs. Wright. The trust was created primarily for her. While she is alive she is

the person presumptively entitled to the next eventual estate (*Schettler* v. *Smith,* 41 N. Y. 328; *Tobin* v. *Graf,* 39 Misc. Rep. 414), and is entitled to the accumulated income now in the hands of the resigning trustee.

Decreed accordingly.